INHABITANTS OF VINALHAVEN *versus* AMES.

The courts of law are alone authorized to determine the amount of damage which a minor, apprenticed by the overseers of the poor, is entitled to recover for ill-treatment suffered from his master.

The overseers, in fixing the amount, would transcend their authority.

A payment made to them, unless its amount had been settled in a suit at law, would not bar a claim against the master, made by the apprentice, when arrived at age.

A note given by the master and payable to the treasurer of the town, on an adjustment made by the overseers, in discharge of such a claim is, therefore, without consideration, and uncollectable by the town.

EXCEPTIONS, from the District Court.

Assumpsit, upon a note of hand, signed by the defendant, and payable to the treasurer of the town, for the sum of thirty dollars, dated Dec. 10, 1846.

The defendant introduced evidence tending to show, *that* a poor child, between two and three years of age, was bound to him by indentures, dated April 20th, 1839, by the overseers of the poor of said Vinalhaven ; *that* said child continued with him until 1845, when the overseers charged him with having abused the child, and claimed the right to take him away, and to have the indentures given up ; whereupon the defendant surrendered to said overseers the child, and also the indentures.

Also, *that* the overseers demanded of him the sum of fifty dollars for the injury done to the child, and that upon such demand, he paid them twenty dollars in money, and gave the note in suit for the other thirty.

The plaintiffs introduced testimony tending to show, that fifty dollars were paid by the plaintiffs to the defendant in 1840, as a bonus for taking said child ; and that the note in suit was given, and the twenty dollars paid by defendant as aforesaid, for and in consideration of said fifty dollars so advanced.

The counsel for the defendant requested the court to instruct the jury, that if they found the note was given wholly

for personal abuse inflicted by the defendant upon said child, then this action could not be maintained.

Said counsel also requested the court to instruct the jury, that, if they found said note was given wholly for abuse inflicted upon said child by said defendant, and that the damages for said abuse had not been settled in a *suit* or *suits*, commenced by the overseers of the poor, then this action could not be maintained.

But the court instructed the jury, that it made no difference whether the note was given for the fifty dollars advanced by said plaintiffs, or for breaches of the indentures, or for personal abuse inflicted upon said child ; that in either event the plaintiffs were entitled to recover in this action upon the note. The verdict was for the plaintiffs and the defendant excepted.

*Abbott* and *Howes*, for the defendant.

The note, if given for injury done to the child, was without consideration.

Overseers of the poor have no authority to liquidate such claims of minor apprentices. They can only bring suits for them. The courts must determine the amount to be paid.

A recovery here would not bar a recovery hereafter by the apprentice.

Besides, there was no mutuality. The note should have been payable to the minor. 5 Mass. 491 ; 6 Johns. 93.

*Kelley*, for the plaintiffs.

Overseers are bound to look after all the rights of such apprentices. In substance, they are made statute-guardians. The power to bring suit against the master for the injury includes the power to receive the pay without suit. Suppose the injury to be admitted, and ample compensation offered, must there be a *suit* ?

It is immaterial to whom the defendant chose to give the note, there being no fraud or misunderstanding concerning it.

Tenney, J. — The jury were instructed, that the plaintiffs were entitled to recover upon the note, whether it was given

for money advanced by the overseers of the poor, for a breach of the indentures, or for personal abuse inflicted by the master upon the child. It not appearing from the exceptions, upon which of these three grounds the verdict for the plaintiffs was returned, if the instructions were erroneous in any respect, the exceptions must be sustained.

By the provisions of R. S. chap. 32, sections 13, 15, 16 and 20, overseers of the poor may bind by indentures the minor children of paupers ; it is their duty to inquire into their treatment, to protect and defend them in the enjoyment of their rights, in reference to their masters and others ; upon complaint made to the District Court by them against their master for abuse, ill-treatment or neglect, the court upon notice to the master and a hearing, may discharge the child from the master ; the overseers can institute a suit upon the indentures to recover damages for breaches of any of the covenants therein contained ; and the amount recovered is to be deposited in the town treasury, and for the benefit of the apprentice in the discretion of the overseers, and the balance is to be paid to him, when his apprenticeship shall terminate ; and at the expiration of the term for which the minor is bound, he has his remedy for damages for any of the causes of complaint against the master, for which the overseers are authorized to commence actions, other than for such causes, as may have been tried in a suit or in suits so instituted by them.

Whatever sums of money may be received of a master, to whom a child is bound by the overseers, by reason of his neglect of duty or of positive injury inflicted, is for the exclusive benefit of the apprentice, at whatever time it may be received. Until the expiration of his term, neither he nor any other, excepting the overseers, can have a voice in enforcing a claim, which may be supposed to exist against his master, for any cause growing out of the relation between them. It was the intention of the statute to afford him a remedy immediately after the injury, which should be received, if the overseers in the exercise of their discretion should deem it proper to resort to it ; and so far as they should have proceeded in the en-

forcement of the means of redress, by the course prescribed by law, the apprentice would be concluded. They have no other power than that of agents, and their agency can extend no further, than the law which confers it will authorize. In protecting the rights of minors apprenticed by them, in the discharge of their duty as agents, and in taking the steps to obtain pecuniary satisfaction for wrongs inflicted, they are the agents of the minors under the statute as well as of the town. But they are appointed by the town alone, and neither the minor nor his guardian, if he have one, can be heard in the selection.

Was it the intention of the Legislature to clothe overseers of the poor with the power to determine the amount of damage, which the apprentice may receive by the wrongs or neglects of the master, as well as to judge of the expediency of making a claim in his behalf and commencing a suit for its recovery? The power to fix the compensation for the supposed injury is in its nature judicial, and there is a propriety in limiting its exercise to those persons, who from experience and other qualifications, or from the nature of the general duties, which they ordinarily perform, are presumed to be peculiarly fitted to determine such questions. Overseers of the poor may be abundantly competent to cause suits to be brought against masters of apprentices bound by them, and prosecuted to judgment, when they might not be deemed so fully qualified to pass upon all the questions involved in the claims, upon which suits are instituted.

Overseers of the poor derive all their powers from the statute, and can legally exercise none excepting such as are expressly given or are clearly implied. If provision had been made, that the damage supposed by them to have been received, by minors who were bound, from improper treatment or neglects of their masters, should be settled by referees, selected by the overseers and the masters complained of, and in case of inability to agree in the selection, that the Judge of Probate or some other public officer should make it, no one could doubt, that the Legislature intended, that the overseers

should not be the judges of the amount of damages. It does not follow, that the overseers have a right to determine the amount of damage, from the fact, that it is submitted to them by the statute, whether a suit shall be commenced or not. An attorney may have full authority given him by his principal to commence a suit upon a disputed claim, or not, in his discretion ; but if there is a question in relation to the amount, the attorney would not have power to judge of that matter conclusively without further authority.

The language of the statute in relation to this duty of the overseers is very different from that employed in giving to their discretion the care, support and employment of paupers ; in this respect, there can be no submission to the judgment of others, excepting to the town itself, in legal meeting, unless it be when the overseers of different towns disagree in relation to claims made by one against the other. In the discharge of their duties in the support of paupers, overseers act solely as the agents of their respective towns, but if they are empowered to judge of damages alleged to have been sustained by a minor bound by them, the interest at issue is not exclusively that of the town.

The neglect of the overseers for the whole term of the apprenticeship, to institute a suit for the recovery of damages on account of a supposed injury received by the apprentice from his master, does not bar his right to maintain a suit therefor, afterwards. If their omissions, even for the space of twenty years and more, can have no effect to conclude him, was it intended, that he should be debarred of his remedies otherwise open to him, by their positive acts, unless they are such as are clearly authorized ?

In an action brought by an apprentice against his master, on his becoming qualified to commence it, and for the causes mentioned in the twentieth section of the chapter referred to, upon a defence attempted on the ground of a previous settlement and discharge of the overseers without a suit, in the absence of any statute provision authorizing such settlement, would it be unreasonable for him to answer, that the settle-

Vinalhaven *v.* Ames.

ment was made by those, having no authority excepting from the choice made by the town in which his settlement was established, and the statute authorizing that choice ; that they had no agency from him, or any others, who were responsible to him ; that he had in no manner, after he possessed the legal power to act for himself, sanctioned the doings of the overseers ; that the neglects and abuses of his master, and the breaches of his written contract in the indentures, were such a violation of his personal rights, and were suited to have such a lasting and so great an effect upon his subsequent life, that he could not consent that the determination of those who had no other sympathies for him, than those which arose from their official relation, having none of the qualifications which are supposed to belong to our judicial tribunals, should be conclusive upon him ? Might he not well say, that however faithfully and conscientiously they may have designed to discharge their appropriate duties, still he did not acknowledge that they were his authorized agents, and he should claim the right to present his own case, in his own behalf, to the constituted tribunals of his country ?

By the statute, the remedy is open to the apprentice in all cases against his master, excepting for causes which have been *tried* in suits, commenced by the overseers. We are not at liberty to show that this language was used loosely, or that it was intended to be interpreted differently from what the ordinary meaning of the term would require, unless from other parts of the statute such interpretation would be erroneous. We find nothing which induces us to believe, that the language was designed to be used, to convey a meaning other than what is usual. The case provided for in the part of the statute touching the duties of overseers on the subject of minor children of paupers is peculiar. Such children should be suitably provided for, and their future happiness attended to ; they are not supposed to have guardians, and the pauperism of their parents unfit them to attend effectually to their paternal duties. It is evident, however inconvenient or expensive it may be, that the established courts are to settle the dam-

ages, which it is supposed a minor bound by the overseers, has sustained from his master, until he is qualified to act for himself in that particular.

The note in suit was taken by the overseers for one of three causes. If it was for money previously advanced by the overseers, the settlement made by them might be effectual; but if for a breach of the indentures, or for personal abuse of the master to the child, they had no authority to make it, and the settlement was not a bar to an action for the same cause. Consequently, the note in such case was destitute of consideration.

*Exceptions sustained.*

*Kelley*, for the plaintiffs.

*Abbott* and *Howes*, for the defendant.